## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JOHN C. TOFI,

           Plaintiff,

v.                                        CIVIL ACTION NO.  2:10-cv-01121

S.M. NAPIER, et al.

           Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for failure to state a cause of action on which relief can be granted [Docket 13].  For the reasons set forth below, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

### *I. BACKGROUND*

This action arises from the events of September 17, 2009, where Plaintiff alleges he was beaten by Defendants Napier and Henderson.  Earlier that day at the Days Inn Hotel, Plaintiff agreed to sell Oxycontin to two undercover police officers, Napier and Henderson.  Plaintiff told the officers that he did not have the pills on him, but that he would need to go to Motel 6 to retrieve them.  Plaintiff went to Motel 6, and later the officers went there as well.  Plaintiff alleges that the officers "barged into the hotel room, without warning or identification, and proceeded to punch kick, and beat [Plaintiff]."  (Docket 29 at 2.)  Plaintiff was arrested for petit larceny, obstructing an officer, and battery on an officer.  After Plaintiff was arraigned and released for those charges,

Plaintiff states that he walked to a nearby hospital where he spent three days recovering from his injuries.

On September 16, 2010, Plaintiff filed his original complaint in this matter; the amended complaint was filed on March 16, 2011. Plaintiff has alleged ten causes of action: (1) use of excessive force cognizable under 42 U.S.C. § 1983; (2) false arrest cognizable under 42 U.S.C. § 1983; (3) assault; (4) battery; (5) outrage; (6) negligence; (7) negligent failure to train and supervise law enforcement officers; (8) negligence of employees; (9) municipal liability cognizable under 42 U.S.C. § 1983; and (10) malicious prosecution cognizable under 42 U.S.C. § 1983. Plaintiff cites 28 U.S.C. §§ 1331, 1343, and 1367 as the Court's jurisdiction over this matter.

On January 18, 2011, Defendants filed the instant motion to dismiss Plaintiff's complaint for failure to state a cause of action on which relief can be granted. Plaintiff responded on Feburary 1, 2011, and Defendants replied on February 8, 2011. Plaintiff then moved to file an amended complaint, and Defendants responded with no objection. The Court granted the motion to amend and Plaintiff filed the amended complaint. Then, on March 22, 2011, Defendants filed a motion to dismiss the amended complaint [Docket 33]. In the memorandum accompanying that motion, Defendants simply stated they were relying on their arguments from the earlier motion to dismiss, and were withdrawing the portion of their first motion to dismiss "that sought to dismiss [P]laintiff's complaint on statute of limitations and federal subject matter jurisdiction grounds." (Docket 34 at 1.) Thus, the motion is technically not a new motion to dismiss and is **DENIED AS MOOT**. [Docket 33]. The Court will disregard the arguments based on statute of limitations and subject matter jurisdiction from the first motion to dismiss, and will apply Defendants' other arguments from that motion in evaluating whether the amended complaint should be dismissed.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim is a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and tests the legal sufficiency of a complaint or pleading. Defendant's motion to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Twombly* states that a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). In testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true).

### III. DISCUSSION

*A.     Tort Claims*

*(1) Intent Alleged for Intentional Torts*

Defendants argue that counts three (assault), four (battery), and five (outrage) should be dismissed because Plaintiff does not allege that Defendants acted intentionally. Defendants argue that Plaintiff alleges that Defendants acted only "negligently, recklessly, or knowingly," and does not suggest that Defendants acted intentionally. (Docket 14 at 9.) All of these torts require an intentional act. An intentional tort involves an actor who "desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." Restatement (Second) of Torts § 8A (2011). Plaintiff uses the following words and phrases to describe Defendants' actions: willfully, wantonly, with malicious purpose, in bad faith, and in a wanton and reckless manner. Plaintiff is not required to use the word "intent" in alleging a cause of action for an intentional tort. The Court **FINDS** that Plaintiff's complaint makes allegations of fact that suggest the requisite intent for each of these counts sufficient to survive a motion to dismiss. Thus, the motion to dismiss these counts is **DENIED**.

*(2) Political Subdivision Immunity for Intentional Torts*

Defendant also argues that Plaintiff fails to state a claim in counts three, four, and five against Napier and Henderson in their official capacities and the City of Charleston because there is no liability for intentional tort claims.[1] Generally, political subdivisions are immune from being

---

[1] Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21 (1991). Thus, the suits against Napier and Henderson in their official capacities are against the political subdivision, the City of Charleston.

sued in a civil action for "injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision." W. Va. Code § 29-12A-4(b)(1). Subsection (c) recognizes some instances where political subdivisions are liable: "injury, death or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment." W. Va. Code § 29-12A-4(c)(2). This subsection makes political subdivisions liable for negligent acts, not intentional ones. *Mallamo v. Town of Rivesville*, 477 S.E.2d 525 at 533 (W. Va. 1996). Thus, political subdivisions are not liable for intentional torts committed by their employees.

Plaintiff counters Defendants' intentional torts argument by contending that employees can be liable under W. Va. Code § 29-12A-5 for acts or omissions that were with "malicious purpose, in bad faith, or in a wanton or reckless manner." (Docket 18 at 3.) Plaintiff misconstrues Defendants' argument. Defendant is asserting that the political subdivision, the City of Charleston, and its employees in their official capacities, Napier and Henderson, are not liable. Defendants' argument does not concern the employees' personal liability.

Counts three, four, and five respectively allege assault, battery, and outrage—all of which are intentional torts. Because the City of Charleston and the officers in their official capacities are immune from intentional torts, Plaintiff has failed to state a claim against them on these counts. Therefore, the motion to dismiss counts three, four, and five is **GRANTED** as to the City of Charleston and Napier and Henderson in their official capacities. These counts remain against Defendants Napier and Henderson as individuals.

>   B.   *Malicious Prosecution under § 1983 and False Arrest*
>
>   *(1) Malicious Prosecution*

Next, Defendants argue that count ten, "malicious prosecution cognizable under 42 U.S.C. § 1983," should be dismissed because such a claim does not exist. (Docket 14 at 5.)  Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

The Fourth Circuit has held that "there is no such thing as a '§ 1983 malicious prosecution' claim." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000).  A malicious prosecution claim under § 1983 is "properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert*, 223 F.3d at 261 (citations omitted).  The common law tort in this instance is malicious prosecution, which requires the following elements: "(1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice." *Id.* at 260.

Liberally construed, count ten alleges a § 1983 claim for violations of the Fourth Amendment that incorporates the elements of malicious prosecution.  Plaintiff does state that a proceeding was brought against Plaintiff by the Defendants, however he fails to state that the proceeding was

terminated in Plaintiff's favor.[2] Accordingly, count ten fails to state a claim for which relief can be granted, and the Court **GRANTS** the motion to dismiss count ten.

### *(2) False Arrest*

Defendants similarly argue that count two, "false arrest cognizable under 42 U.S.C. § 1983," should be dismissed because probable cause existed to support Plaintiff's arrest and prosecution. (Docket 14 at 6.) Both malicious prosecution and false arrest require a lack of probable cause. *See McCoy v. Robinson*, 133 F.3d 916, 1998 WL 10373, *2 (4th Cir. 1998) ("There is no cause of action for a false arrest under § 1983 unless the officer lacked probable cause.") (citing *Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974)). "Probable cause exists when the facts and circumstances within an officer's knowledge, and of which they had reasonably trustworthy information, are 'sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense.'" *McCoy*, 1998 WL 10373, *2 (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964) and *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984)).

In Plaintiff's response, he combines his analysis of counts two and ten, arguing that he has pled the common law elements of these claims. (Docket 18 at 6.) Plaintiff makes this argument using the four elements of common law malicious prosecution from above. The Court infers from Plaintiff's response that he argues there was no probable cause because Oxycontin was never found in connection to Plaintiff. Also, Plaintiff argues that because the petit larceny charge was dismissed the very basis of the officers' pursuit and arrest is negated. (Docket 18 at 6.) Defendants argue that Plaintiff's agreement to sell the officers Oxycontin qualifies as probable cause. To decide if there

---

[2] Plaintiff suggests earlier in the complaint that Defendants acted maliciously. Regarding probable cause, *see infra* section *III.B.(2)*.

is probable cause in this matter, the Court does not look to whether Oxycontin was actually found, but to whether the officers believed that Plaintiff was engaging in criminal conduct. By his own admission in the complaint, Plaintiff states "the defendants provided John Tofi sixty (60) dollars for the purchase of Oxycontin." (Docket 29 at 2.) Thus, probable cause existed for the officers to arrest Plaintiff. Because Plaintiff has failed to plead the lack of probable cause, the Court **GRANTS** the motion to dismiss count two.

### C.     *The City of Charleston Police Department*

Defendants also argue that all counts against the "City of Charleston Police Department" should be dismissed because it "is not a separate entity from the City of Charleston and has no legal existence independent from the City." (Docket 14 at 10.) Under West Virginia law, police departments are "subject to the authority, control and discipline" of the municipalities that create them. W. Va. Code § 8-14-1. Plaintiff argues that "§8-14-1 does not clearly demonstrate the relationship between defendant City of Charleston and defendant Charleston Police Department as to issues of joint and several liability." (Docket 18 at 8.) The Court agrees with Defendants that the City of Charleston Police Department is not a separate suable entity from the City of Charleston; it is merely a subdivision of the City. *See Martinez v. Winner*, 771 F.2d 424 (10th Cir. 1985); *Green v. Lake City Police Dept.*, 1:09-1870-JF-SVH, 2010 WL 3609526 (D. S.C. Aug. 3, 2010); *Simpson v. Starling Police Dept.*, No. 3:07CV477-01-MU, 2007 WL 1809315 (W.D. N.C. Apr. 22, 2008). Accordingly, the Court **GRANTS** the motion to dismiss the City of Charleston Police Department as a defendant.

*IV. CONCLUSION*

For the reasons explained above, Defendant's motion to dismiss [Docket 13] is **GRANTED IN PART AND DENIED IN PART**. Counts two and ten are **DISMISSED WITH PREJUDICE**. Counts three, four, and five are **DISMISSED WITH PREJUDICE** as to the City of Charleston and Napier and Henderson in their official capacities. The City of Charleston Police Department is **DISMISSED** as a defendant in this matter. This action will proceed on the remaining claims.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 31, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE